UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

                    v.

WORLDWIDE MARKETS, LTD., *et al.*,

                             Defendants.

No. 2:19-cv-14205

**FINAL JUDGMENT AS TO DEFENDANTS WORLDWIDE MARKETS, LTD., TAB NETWORKS, INC., AND THOMAS F. PLAUT**

The Securities and Exchange Commission having filed a Complaint and Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Worldwide Markets, Ltd. and Thomas F. Plaut are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [*15 U.S.C. § 78j(b)*] and Rule 10b-5 promulgated thereunder [*17 C.F.R. § 240.10b-5*], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Worldwide Markets, Ltd. is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [*15 U.S.C. § 77q(a)*] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut are permanently restrained and enjoined from violating Section 5(e) of the Securities Act [*15 U.S.C. § 77e(e)*] by, directly or indirectly:

(e) Unless a registration statement meeting the requirements of Section 77j(a) of this title is in effect as to a security-based swap, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell, offer to buy or purchase or sell a security-based swap to any person who is not an eligible contract participant as defined in Section 1a(18) of the Commodity Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut are permanently restrained and enjoined from violating Section 6(l) of the Exchange Act [*15 U.S.C. § 78f(l)*] by, directly or indirectly:

(l)     Effecting a transaction in a security-based swap with or for a person that is not an eligible contract participant, unless such transaction is effected on a national securities exchange registered pursuant to subsection (b) of Section 6 of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [*15 U.S.C. § 78o(a)(1)*] by, directly or indirectly:

(a)(1)  Making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such registered in accordance with

4

subsection (b) of Section 15 of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [*17 C.F.R. § 240.3a51-1*].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut are, jointly and severally, liable for disgorgement of $393,963, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $20,355.10.  Defendant Thomas F. Plaut is also liable to pay a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act [*15 U.S.C. § 77t(d)*] and Section 21(d)(3) of the Exchange Act [*15 U.S.C. § 78u(d)(3)*].  Defendants shall satisfy this obligation by paying these sums to the Securities and Exchange Commission pursuant to the terms of the payment

schedule set forth in paragraph IX below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Building, Room 265, AMK-326
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after any failure by defendants to make any of the payments required by this Order.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it or he is entitled to, nor shall it or he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, in partial payment of the order of disgorgement and prejudgment interest set forth above, Defendants Worldwide Markets, Ltd., TAB Networks, Inc., and Thomas F. Plaut shall serve a copy of this Order on ViewTrade Securities, Inc. ("Broker") and do anything reasonable and necessary to facilitate Broker's transfer of the entire balance of the following brokerage account(s) to the Commission:

| **Account Owner** | **Acct. Ending in:** |
|---|---|
| Worldwide Markets Ltd. | *87-10 |

Broker may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Broker also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Building, Room 265, AMK-326
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

IX.

Defendants shall pay the total disgorgement and prejudgment interest due of $414,318.10

8

in five installments to the Commission according to the following schedule: (1) as set out in paragraph VIII of this Final Judgment, Defendants shall serve a copy of this Order on Broker and do anything reasonable and necessary to facilitate Broker's transfer of the entire balance of the above-lested brokerage account to the Commission within 3 days after the entry of this Final Judgment; (2) $45,000 within 30 days after entry of this Final Judgment; (3) $45,000 within 120 days after entry of this Final Judgment; (4) $45,000 within 210 days after entry of this Final Judgment; and (5) the remaining balance, and all post-judgment interest due, within 300 days after the entry of this Final Judgment.  Defendant Thomas F. Plaut shall pay the penalty of $75,000 in four installments to the Commission according to the following schedule: (1) $20,000 within 30 days of entry of this Final Judgment; (2) $20,000 within 120 days after entry of this Final Judgment; (3) $20,000 within 210 days after entry of this Final Judgment; and (4) the remaining balance, and all post-judgment interest due, within 300 days after entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payments set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

   If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Thomas F. Plaut, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Thomas F. Plaut under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Thomas F. Plaut of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: March 30, 2022

_____
Hon. Madeline Cox Arleo
UNITED STATES DISTRICT JUDGE